1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                 DISTRICT OF NEVADA

8                                         * * *

9   BRYAN P. BONHAM,

                                    Plaintiff,
10       v.                                          3:17-cv-00727-RCJ-CBC

11   KIM ADAMSON et al.,                             **ORDER**

12                                    Defendants.

13

14          Plaintiff Bryan Bonham, a prisoner in the custody of the Nevada Department of

15   Corrections ("NDOC"), has sued multiple Defendants under 42 U.S.C. § 1983 for events that

16   occurred while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). The Court now

17   screens the Complaint under 28 U.S.C. § 1915A.

18   **I.      LEGAL STANDARDS**

19          Federal courts must screen any case in which a prisoner seeks redress from a

20   governmental entity or its officers or employees. *Id.* § 1915A(a). The court must identify

21   cognizable claims and dismiss claims that are frivolous or malicious, fail to state a claim, or seek

22   monetary relief from an immune defendant. *Id.* § 1915A(b). This includes claims based on

23   fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Also, when

24   a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of

25   poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

26          When screening claims for failure to state a claim, a court uses the same standards as

27   under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of

Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to

2

reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).
Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To state a claim under § 1983, a plaintiff must allege (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. ANALYSIS

Plaintiff alleges that on May 26, 2016 he was put on a lower bunk restriction at his request at HDSP due to a lower back problem dating to 2003. In July or August of 2016, Doctor "Brian G." and Nurse Tony Perry refused to clear Plaintiff for prison employment due to the restriction, informing him that he could not be cleared for work so long as he had such a restriction. Plaintiff decided to apply for vocational training, but he was denied because he was over 25 years old (44) and his release date was more than two years in the future (almost eight years). After exhausting his grievances, Plaintiff filed the present Complaint in this Court, listing three counts: (1) a procedural due process violation based on the refusal to clear him for work without rescinding the lower bunk restriction; (2) an equal protection violation on the same basis; and (3) an Eighth Amendment violation based on the denial of vocational training.

### A. Due Process

Plaintiff has no cognizable liberty interest in prison employment. *Sandin v. Conner*, 515 U.S. 472, 483 (1995) (citing *Lyon v. Farrier*, 727 F.2d 766, 768–69 (8th Cir. 1984)). Without a liberty (or property) interest, no procedures at all are "due" under the Due Process Clause. A state can create a liberty interest, but only via mandatory language unequivocally doing so. *Hewitt v. Helms*, 459 U.S. 460, 472 (1983). The Court is aware of no Nevada statute creating a mandatory right to prison employment. To the contrary, Nevada law appears to give the Director of NDOC "sole discretion to approve or disapprove employment . . . ." Nev. Rev. Stat.

3

1  § 209.4615(2).  The Court therefore denies the due process claim with prejudice, as amendment
2  would be futile.

3  **B.    Equal Protection**

4         In analyzing an equal protection challenge, a court first identifies the categorical
5  distinction the state has drawn and determines what level of constitutional scrutiny applies to
6  such distinctions. *United States v. Lopez-Flores*, 63 F.3d 1468, 1472 (9th Cir. 1995) (citing *Jones*
7  *v. Helms*, 452 U.S. 412, 423–24 (1981)).  The court then scrutinizes the challenged state action,
8  accordingly. *Id.* (citing *Plyler v. Doe*, 457 U.S. 202, 217–18 (1982)).  Plaintiff alleges equal
9  protection violations in the denial of prison employment and vocational training.  Plaintiff
10 complains based on disability and age, respectively.  Both categories are assessed under rational
11 basis review. *Bd. of Trs. of univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001) (disability); *Kimel*
12 *v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000) (age).  Under rational basis review, a court asks
13 only whether "there is any reasonably conceivable state of facts that could provide a rational
14 basis for the classification." *Heller v. Doe*, 509 U.S. 312, 319–20 (1993) (quoting *FCC v. Beach*
15 *Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).  Those challenging a law on rational basis grounds
16 "have the burden 'to negative [sic] every conceivable basis which might support it.'" *Beach*
17 *Commc'ns*, 508 U.S. at 315 (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356,
18 364 (1973)).  The question of rationality is a matter of law for which a state need not provide
19 evidence but may rely on speculation alone. *Heller*, 509 U.S. at 320.

20        There is a rational basis in denying prison employment to inmates who have medical
21 restrictions requiring them not to be assigned to an upper bunk.  It is rational to think that an
22 inmate suffering from an impairment making it impossible or unadvisable for him to climb to an
23 upper bunk might also make it more likely he will further injure himself or even endanger others
24 while performing labor.  There is also a rational basis for denying vocational training to inmates
25 who are not expected to be released within a particular timeframe.  Because of the fleeting nature
26 of human memory and the atrophy of practical skills over time, it is rational to think that an
27 inmate who is not set to be released for many years will not retain the benefits of vocational

1 training until his release date, as will an inmate who is set to be released soon. The Court
2 therefore dismisses the equal protection claim with prejudice, as amendment would be futile.

3    **C.    Eighth Amendment**

4    The denial of prison employment or vocational training do not constitute cruel and
5 unusual punishment. *Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 (9th Cir. 1982). The Court
6 dismisses this claim with prejudice, as amendment would be futile.

7    **D.    Amendment**

8    Plaintiff may attempt to plead a claim under the Americans with Disabilities Act
9 ("ADA") if he wishes to do so. Plaintiff identifies the statute in the general allegations but does
10 not make clear that he wishes to bring a claim thereunder, because he has not listed an ADA
11 claim under the enumerated counts. An amended complaint supersedes (replaces) all previous
12 complaints, so an amended complaint must be complete in itself. *Lacey v. Maricopa Cnty.*, 693
13 F.3d 896, 907 n.1 (9th Cir. 2012); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896
14 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff must file the first amended complaint on this Court's
15 approved prisoner civil rights form, and it must be entitled "First Amended Complaint." Plaintiff
16 must file the first amended complaint within twenty-eight (28) days from the date of this Order,
17 or the Court may dismiss the action with prejudice without further notice.

18    ///
19    ///
20    ///
21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///

**CONCLUSION**

IT IS HEREBY ORDERED that a decision on the Application to Proceed in Forma Pauperis (ECF No. 1) is DEFERRED.

IT IS FURTHER ORDERED that the Clerk shall FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, with leave to amend to state a claim under the ADA. Plaintiff may not amend the due process, equal protection, or Eighth Amendment claims.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff the approved form for filing a § 1983 complaint, instructions, and a copy of the Complaint (ECF No. 1-1). Plaintiff must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The Court will screen the first amended complaint in a separate screening order, which may take several months. If Plaintiff does not file a first amended complaint within twenty-eight (28) days, the Court may dismiss the action with prejudice without further notice.

IT IS SO ORDERED.

Dated this 24th day of October, 2018.

_____
ROBERT C. JONES
United States District Judge